IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYCON SPECIALTY FOODS, INC., : | |
| Plaintiff : | |
| : | Civil Action No. 1:09-cv-2092 |
| v. : | (Chief Judge Kane) |
| : | |
| WELLSHIRE FARMS, INC., : | |
| Defendant : | |

# MEMORANDUM ORDER

Plaintiff filed suit against Defendant alleging, inter alia, breach of contract and sought $229,584.53 owed for cheese purchased by Defendant from Plaintiff.  (Doc. No. 1)  Defendant responded by asserting a counterclaim for, inter alia, Plaintiff's breach of an alleged exclusive distributorship agreement with Defendant.  (Doc. No. 10.)  In the course of discovery Defendant sought Plaintiff's customer lists, vendor lists, sales representatives, pricing information, production and distribution costs, tax returns, and loan information.[1]  Plaintiff refused to disclose this information and this Court referred the matter to Magistrate Judge Carlson to resolve the dispute.  (Doc. No. 18.)  Defendant filed a motion to compel discovery (Doc. Nos. 27, 28), which Plaintiff opposed (Doc. Nos. 29, 30).  Magistrate Judge Carlson granted in part and denied in part Defendant's motion to compel.  (Doc.  No. 32.)  Defendant filed timely objections.  (Doc. No. 33.)

A party filing objections to a magistrate judge's determination of a non-dispositive pretrial matter must file those objections within fourteen days of the order.  Fed. R. Civ. P. 72(a).

---

[1] Magistrate Judge Carlson reproduced the requests verbatim in his order.  (Doc. No. 32 at 3-6.)

1

Upon review of those objections, the reviewing court will only sustain objections on a non-dispositive ruling, such as Magistrate Judge Carlson's ruling on the instant motion to compel, where the objecting party shows the decision is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3d Cir. 1992). A finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985). Applying the clearly erroneous standard, the reviewing court may not reverse a magistrate judge's decision simply because the reviewing court would have decided the matter differently. Id.; Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000).

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a party may move to compel disclosure or discovery. Fed. R. Civ. P. 37. Whether a matter is discoverable, and is therefore the proper subject of a motion to compel, is governed by Rule 26 of the Federal Rules of Civil Procedure, which provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed.. R. Civ. P. 26(b)(1). As explained by Magistrate Judge Carlson, Plaintiff lodged two objections to Defendant's motion to compel: (1) the matter Defendant sought was not relevant;

and (2) the matter Defendant sought is a trade secret protected by Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.  In granting Defendant's motion in part, Magistrate Judge Carlson concluded that the information at issue here need not be disclosed at this time because the marginal relevance is outweighed by the harm of disclosing Plaintiff's trade secrets.  (Doc. No. 32 at 15.)  The Court cannot conclude that Magistrate Carlson's determination is clearly erroneous or contrary to law, and will affirm his order.

In determining whether to order the disclosure of alleged trade secrets, courts must conduct a three-step balancing test: (1) The party opposing discovery must demonstrate that the information sought is a trade secret or is otherwise confidential and that disclosure would be potentially harmful; (2) If this standard is met, the requesting party must show that the information is relevant to the subject matter of the case and necessary for trial preparation; and (3) If relevance and necessity are shown, the court must balance the need for the disclosure against the potential harm of disclosure.  See In re Remington Arms Co., 952 F.2d 1029, 1032 (8th Cir. 1991); Am. Standard, Inc. v. Pfizer, Inc., 828 F.2d 734, 740-43 (Fed. Cir. 1987); Mannington Mills, Inc. v. Armstrong World Indus., 206 F.R.D. 525, 528-529 (D. Del. 2002); Coca-Cola Bottling Co. v. Coca-Cola Co., 107 F.R.D. 288, 292-93 (D. Del. 1985).

The type of financial, marketing, pricing, and customer information at issue here falls squarely within the definition of a trade secret.  See Proudfoot Consulting Co. v. Gordon, 576 F.3d 1223, 1233-34 (11th Cir. 2009); Pepsico, Inc. v. Redmond, 54 F.3d 1262, 1270 (7th Cir. 1995); Mannington Mills, 206 F.R.D. at 530; Bimbo Bakeries USA, Inc. v Botticella, No. 10-194, 2010 WL 5771774 (E.D. Pa. Feb. 9, 2010).  Further, other courts have held that such disclosures are potentially harmful, and therefore it was not clearly erroneous to conclude that

the disclosure of these trade secrets to a potential competitor[2] would be harmful.  See, e.g., Mannington Mills, 206 F.R.D. at 530-31.

Having concluded that Plaintiff met its initial burden, Magistrate Judge Carlson then properly considered whether Defendant had met its burden "to establish that disclosure of trade secrets and confidential information is relevant and necessary to its case."  (Doc. No. 32 at 19 (citing Mannington Mills, 206 F.R.D. at 528).)  Defendant argues that the information at issue is relevant to establishing "its damages as a result of the breach" on its counterclaim in this matter.  (Doc. No. 33 at 13.)  This information may be relevant to the issue of damages.  However, this Court cannot conclude that Magistrate Judge Carlson clearly erred in concluding that Defendant could have fashioned a less invasive discovery request to determine the scope of damages and that granting discovery on damages would be premature in light of the "substantial legal obstacles" Defendant faces in proving the existence of an agreement and breach of that agreement.  Because Magistrate Carlson did not clearly err in his conclusion that Defendant failed to carry its burden, he properly granted in part and denied in part Defendant's motion to compel.[3]

**ACCORDINGLY**, on this 23rd  day of May 2011, **IT IS HEREBY ORDERED THAT** Defendant's objections (Doc. No. 33) are **DENIED** and Magistrate Judge Carlson's order (Doc.

---

[2] Defendant emphasizes that it is not Plaintiff's competitor because Defendant is "in the meat business, not the natural cheese products business."  (Doc. No. 33 at 10.)  Even assuming this is true, Defendant has conceded that it intends to enter the "natural cheese products business" at the conclusion of this litigation.  (Id. at 11.)

[3] At the conclusion of its objections Defendant requests an evidentiary hearing.  Defendant has failed to present any basis for the Court scheduling an evidentiary hearing on this matter, and this Court sees no need for one.

No. 32) is **AFFIRMED**.

                                                s/ Yvette Kane
                                               Yvette Kane, Chief Judge
                                               United States District Court
                                               Middle District of Pennsylvania